UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PALACIOS,<br><br>  Plaintiff,<br><br>  v.<br><br>COSCO HOME AND OFFICE PRODUCTS, INC., et al.,<br><br>  Defendants. | Case No.  14-cv-04066-KAW<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 41 |

On September 2, 2015, the Court ordered Plaintiff Victor Palacios to show cause why the Court should not dismiss this case against the named defendants, other than Ameriwood Industries, who has voluntarily appeared, as required by Federal Rule of Civil Procedure 4(m). Plaintiff was to file a written response within 14 days.  (Order to Show Cause, Dkt. No. 41.)

Plaintiff timely filed a written response.[1]  The response includes a declaration from Plaintiff's counsel, in which he attempts to justify the failure to timely serve the defendants named in the complaint, a memorandum of points and authorities in support of his request for an extension of time in which to serve the summons and complaint, copies of various corporate documents, and an affidavit of service indicating that Dorel Juvenile Group, Inc. was served with the summons and complaint on September 8, 2015.  (Pl.'s Response, Dkt. No. 43.)

In the declaration, Plaintiff's counsel indicates that he "does not object to the Court dismissing Dorel, Inc.[2] or the now nonexistent corporation, Cosco, Inc. erroneously named in the

---

[1] Plaintiff then filed a "Supplemental Declaration of J. Michael Brown in Response to Order to Show Cause," which is apparently identical to the original filing with the exception of specific citations that were previously omitted.  As the supplemental was filed on September 18, 2015, after the response deadline, the Court has not considered that additional filing here.

[2] Plaintiff's counsel asks that the action not be dismissed as against Dorel Juvenile Group, Inc., and

complaint as Cosco Home and Office Products Inc." (*Id.* at 5.) He requests that the action not be dismissed as against Dorel Juvenile Group, Inc. (*Id.*) He states that he obtained a summons from the Clerk and transmitted the summons and other necessary documents to a process server who served Dorel Juvenile Group, Inc. on September 8, 2015. (*Id.*) Plaintiff's counsel has included an affidavit of service but he has not filed the original proof of service with the Court because he "ha[s] been out of [his] office traveling to North Carolina in [*sic*] the Washington DC area since September 10, 2015, and will not return to [his] office until September 23, 2015." (Pl.'s Response at 4.)

In light of the above and pursuant to Federal Rule of Civil Procedure 4(m), this action is dismissed without prejudice as to all defendants except Dorel Juvenile Group Inc. and Ameriwood Industries. The order to show cause is DISCHARGED. To the extent Plaintiff wishes to seek an extension of the Rule 4(m) deadline, he shall file a properly noticed motion. The Court, however, warns Plaintiff that he has not made the requisite showing of good cause here, as claiming to need certain information from Defendants does not excuse Plaintiff's obligation to timely serve the parties he has elected to sue in this case. Plaintiff is also on notice that the Court will entertain a motion for sanctions if he continues to delay the prosecution of this action. If and when such motion is brought, Defendant Ameriwood Industries may advance any relevant arguments at that time. For this reason, Ameriwood's "Opposition to Plaintiff's Response to Order to Show Cause," Dkt. No. 45, has not been considered here.

IT IS SO ORDERED.

Dated: 09/25/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

he does not object to the Court dismissing Dorel, Inc. Aside from Dorel Juvenile Group, Inc., the only other Dorel entity is Dorel Industries, Inc. The Court therefore presumes that when Plaintiff's counsel states that he "does not object to the Court dismissing Dorel, Inc.[,]" he means that he does not object to the dismissal of Dorel Industries, Inc.