UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR PALACIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERIWOOD INDUSTRIES, INC.,<br><br>    Defendant. | Case No. 14-cv-04066-KAW<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 50 |

The parties' joint discovery letter brief, Dkt. No. 50, is currently before the Court. The matter is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court DENIES Defendant's request for Plaintiff's tax returns and DENIES Defendant's request for Facebook photos and posts.

### I.    BACKGROUND

Victor Palacios ("Plaintiff") commenced this case in Alameda County Superior Court on May 2, 2014, seeking redress for injuries he suffered while using an allegedly defective ladder. (Compl., Dkt. No. 1-1.) Plaintiff alleges that he "was hurt in [P]laintiff's health, strength and activity, sustaining injury and shock to [P]laintiff's nervous system and person, all of which injuries have caused and continue to cause [P]laintiff great mental, physical and nervous pain and suffering . . . which will result in some permanent disability to [P]laintiff . . . ." (*Id.* ¶ 9.) Plaintiff specifically prays for "special damages including but not limited to medical and incidental damages and loss of earning capacity according to proof." (*Id.* ¶ 2.) Ameriwood Industries, Inc. ("Defendant") removed the action to this Court on September 8, 2014 on the basis of diversity jurisdiction. (Notice of Removal, Dkt. No. 1.)

1      On November 19, 2014, Defendant served its First Set of Requests for Production on
2 Plaintiff, including Request for Production No. 30, which seeks "[a]ll federal income tax returns
3 filed by or on behalf of [Plaintiff] for the years 2008 to the present." (Joint Ltr., Ex. A at 7, Dkt.
4 No. 50.) In his initial responses, Plaintiff stated that he was in the process of collecting all
5 information available to him regarding his loss of earnings and that if such information
6 sufficiently verified his earnings, tax returns would not be produced based on his right to privacy.
7 (Joint Ltr., Ex. B at 9.) In his supplemental responses, Plaintiff stated that he would not provide
8 tax returns and that his complete earnings history was contained in Liberty Mutual's[1] response to
9 Defendant's subpoena. (Joint Ltr., Ex. C at 5.)

10      During Plaintiff's October 29, 2015 deposition, Defendant requested the log-in information
11 for Plaintiff's Facebook account so that it could collect information regarding Plaintiff's physical
12 condition following his injury. (Joint Ltr. at 6.) Plaintiff refused to provide the information, and
13 now, Defendant only seeks the posts and photos on Plaintiff's Facebook page that show or discuss
14 his physical activity since May 2012. (*Id.*) On the advice of counsel, Plaintiff also declined to
15 answer whether or not he filed tax returns. (*Id.* at 1.) Though Defendant no longer seeks
16 Plaintiff's log-in information, Plaintiff has still declined to produce the requested posts and photos.
17 (*Id.* at 6, 7.)

18      The parties have now filed a joint discovery letter brief regarding Defendant's request for
19 Plaintiff's tax returns and any Facebook photos or posts regarding Plaintiff's physical activity.
20 (Joint Ltr. at 1, 6.)

21                    **II.    LEGAL STANDARD**

22      Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged
23 matter that is relevant to any party's claim or defense."[2] The information sought "need not be

---

[1] Liberty Mutual is Plaintiff's workers compensation carrier, and the company produced certain earnings information, which it used to calculate the amount of Plaintiff's workers compensation benefits. Joint Ltr. at 2, 3. Plaintiff has also produced certain earnings statements in response to discovery requests. *Id.* at 3.

[2] Amendments to Rule 26 took effect on December 1, 2015. As the parties filed the instant joint letter prior to December 1, the Court has applied the earlier version of the rule.

admissible at the trial" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* There is a "broad mandate in favor of the relevance that is conferred by Rule 26(b)(1)." *Barnes & Noble, Inc. v. LSI Corp.*, C 11-02709 EMC LB, 2012 WL 1564734, at *5 (N.D. Cal. May 2, 2012).

The Court must limit discovery if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

### III.   DISCUSSION

**A.   Plaintiff's tax returns are protected from disclosure.**

Since this action is in federal district court on the basis of diversity jurisdiction, California state law applies, including on matters of privilege.[3] *See* Fed. R. Evid. 501; *see also Conestoga Services Corp v. Executive Risk Indem., Inc.*, 312 F.3d 976, 980-81 (9th Cir. 2002) (internal quotations and citations omitted); *Vieste, LLC v. Hill Redwood Dev.*, C-09-04024 JSW DMR, 2011 WL 855831, at *1 (N.D. Cal. Mar. 9, 2011) (citation omitted).

While there is no recognized federal or state constitutional right to maintain privacy of tax returns, California courts have interpreted state taxation statutes as creating a statutory privilege against their disclosure. *Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274 (2002). This privilege, however, is not absolute, and it will not be upheld where (1) the circumstances indicate an intentional waiver of the privilege, (2) the gravamen of the lawsuit is inconsistent with the privilege, or (3) a public policy greater than that of the confidentiality of tax returns is involved.

---

[3] For this reason, the cases on which Plaintiff relies are inapposite, as California privilege law was not at issue. *See, e.g., Premium Service Corp. v. The Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975) (affirming district court's order on motion to quash related to antitrust case); *Aliotti v. The Vessel Senora*, 217 F.R.D. 496 (N.D. Cal. 2003) (denying motion to compel production of documents in maritime case involving the Jones Act, 46 U.S.C. § 688); *United States v. Real Prop. & Improvements Located at 2336 San Pablo Ave., Berkeley, Cal.*, No. 13-cv-02027-JST (MEJ), 2014 WL 2126912, at *1 (N.D. Cal. May 22, 2014) (denying motion to quash subpoena in *in rem* action for forfeiture of real property brought pursuant to 21 U.S.C. § 881(a)(7)).

1 *Id.* (citing *Schnabel v. Superior Court*, 5 Cal. 4th 707, 718-21 (1993)).

2  Defendant argues that tax returns are relevant and essential to this case because they provide the most accurate information regarding Plaintiff's income and contain information about deductible medical expenses. (Joint Ltr. at 2.) According to Defendant, because Plaintiff is seeking wage loss compensation and medical expense reimbursement, he has put his income and medical expenses at issue, which entitles Defendant to the tax returns it has requested.[4] (*Id.*)

 The tax return information Defendant seeks here is certainly relevant to the earnings losses Plaintiff alleges in this action. The information may confirm, or undermine, his alleged diminished earning capacity. The Court, however, rejects Defendant's argument that seeking damages for loss of income or seeking medical reimbursement overcomes the privilege against disclosure of tax returns.

 One case, *Brown v. Superior Court*, 71 Cal. App. 3d 141, 143-144 (1977) suggests that the outcome Defendant seeks would be contrary to the state law that governs here. In *Brown*, the plaintiff claimed lost earnings in connection with injuries she suffered in an automobile collision. *Brown*, 71 Cal. App. 3d at 142. The superior court ordered the plaintiff to produce her W-2 forms despite her assertion of the tax return privilege. *Id.* The Court of Appeal rejected the argument that W-2 forms do not fall within the scope of the privilege, finding that the forms, "which are required to be attached to a taxpayer's state and federal income tax returns, constitute an integral part of the return and qualify as information contained in the returns." *Id.* at 143-44 (internal quotations and citation omitted). The Court of Appeal thus determined that the superior court's order violated the privilege and granted the plaintiff's petition for writ of prohibition. *Id.* at 142, 144.

---

[4] In advancing this argument, Defendant relies on a previous ruling by this Court in *Welle v. Provident Life and Accident Insurance Company*, No. 3:12-cv-3016 EMC (KAW), 2013 WL 5954731 (N.D. Cal. Oct. 30, 2013). That case, however, was an insurance action, not a personal injury case, in which the plaintiff was required to prove financial loss as a threshold requirement of her cause of action for breach of the covenant of good faith and fair dealing. *Id.* at *3. As such, the case is distinguishable from the case at bar, as Plaintiff must make no such threshold showing. The Court, therefore, has not relied on *Welle* in ruling on the instant joint letter.

4

1    *Brown* stands for the proposition that in a personal injury action, a claim for lost income
2    does not waive the tax return privilege as to documents forming an integral part of a plaintiff's
3    return. *See id.* Applied to the instant case, if a claim for lost income is insufficient to waive the
4    tax return privilege as to documents integral to the return, it follows that such a claim is
5    insufficient to waive the privilege as to the returns themselves. Here, then, Plaintiff's claim for
6    lost income does not require disclosure of his tax returns.

7    Defendant's argument that Plaintiff's tax returns are discoverable because they might
8    contain information about his medical expenses, for which Plaintiff is seeking reimbursement,
9    fares no better.[5] (*See* Joint Ltr. at 2.) First, Plaintiff cites no authority to support this contention.
10   (*See id.*) Second, while Plaintiff asserts that, he, or his workers compensation carrier, who paid all
11   of his medical bills, are entitled to recover for the costs of medical care and treatment regardless of
12   Plaintiff's financial condition, Plaintiff does not refute this argument. (*See id.* at 1-2, 5.)
13   Moreover, although Defendant claims that it is entitled to tax returns in order to verify certain
14   information Plaintiff has disclosed during discovery, "[p]ublic policy favoring discovery in civil
15   litigation is not, by itself, sufficiently compelling to overcome the [tax return] privilege."
16   *Fortunato v. Superior Court*, 114 Cal. App. 4th 475, 483 (2003) (citations omitted).

17   Finally, as Plaintiff argues, other discovery devices are likely to reveal the information
18   Defendant currently seeks. Accordingly, the parties shall meet and confer regarding any
19   additional discovery Defendant may need to propound in light of this ruling, such as targeted
20   interrogatories directing Plaintiff to identify and explain all sources of income, and to the extent
21   necessary, the Court grants Defendant leave to depose Plaintiff for an additional two hours. The
22   parties shall ensure that any discovery is completed by the current fact discovery cut-off, January
23   6, 2016.

24   ///
25   ///
26
27   ---
     [5] Plaintiff cites no authority to support its contention that Plaintiff's claim for medical
28   reimbursement waives the tax return privilege. *See* Joint Ltr. at 1, 2.

### B. Plaintiff need not produce Facebook photos and posts related to his physical activity following the injury.

Defendant also seeks production of Plaintiff's Facebook posts and photos, now that Plaintiff has declined to provide his Facebook log-in information, and Defendant has apparently narrowed the scope of its previous request. (Joint Ltr. at 6.) Defendant, however, does not identify the request for production that entitles it to the documents it now seeks. (*See* Joint Ltr.) Accordingly, that request is DENIED, as the Court declines to order production of materials where a party cannot identify the outstanding discovery request that entitles it to the documents purportedly at issue.

### IV. CONCLUSION

For the reasons set forth above, Defendant's request for production of Plaintiff's tax returns is DENIED. Its request for production of Plaintiff's Facebook posts and photos is also DENIED.

**IT IS SO ORDERED.**

Dated: 12/4/15

KANDIS A. WESTMORE
United States Magistrate Judge