SCHIFF HARDIN LLP
WALTER C. GREENOUGH (admitted *pro hac vice*)
wgreenough@schiffhardin.com
MATTHEW W. CALLAHAN (Bar No. 307782)
mcallahan@schiffhardin.com
One Market Plaza, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:    (415) 901-8700
Facsimile:    (415) 901-8701

Attorneys for Defendant
AMERIWOOD INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VICTOR PALACIOS,<br><br>           Plaintiff,<br><br>v.<br><br>AMERIWOOD INDUSTRIES, INC.,<br><br>           Defendant. | Case No.  4:14-CV-04066 KAW<br><br>**DEFENDANT'S OBJECTION TO SETTLEMENT CONFERENCE**<br><br>Trial Date:  May 2, 2016<br>Time:          9:00 a.m.<br>Judge:         Kandis A. Westmore |

Defendant Ameriwood Industries, Inc. objects to the setting of this case for a settlement conference. Defendant respectfully requests that the settlement conference be cancelled or, in the alternative, that it be held by conference call.

On April 1, the Court *sua sponte* referred this case for a mandatory settlement conference. (Dkt. #85). Today, that conference was set for April 15. (Dkt. #86).

The Court, however, previously ordered the parties to participate in mediation through the Northern District ADR program. (Dkt. # 28). They did so on January 27, 2016. On February 8, 2016, the Mediator filed his Certification that the mediation had been conducted, that the case had not settled, and that the mediation was complete.

Rule 3.2 of the Northern District's ADR Local Rule provides that the parties "are presumptively required to participate in one non-binding ADR process." (Emphasis added). The

1  Rule goes on to provide that the Judge will select "<u>one</u> of the ADR processes offered by the
2  Court, <u>or</u> may refer the case to a settlement conference." (emphasis added).  Because the parties
3  already have completed Court-ordered mediation, they should not be required to participate in a
4  settlement conference as well.

5  This is particularly true here, where the mediation occurred just nine weeks ago.  Rule 3.2
6  concludes that <u>no</u> ADR process is required if the Court finds that the likely benefits do not justify
7  its costs.  Here, discovery had already closed by the time the mediation was held.  Nothing has
8  happened in the case since then to make settlement more likely.  To the contrary, a lien has been
9  filed in the amount of $105,000 (Dkt. #79).  This lien makes settlement impossible, as it increases
10 the amount Defendant would have to pay for Plaintiff to receive anything to an amount greatly in
11 excess of Defendant's valuation of the case.

12 Defendant already has had to bear the substantial costs, fees and inconvenience of flying
13 its lead counsel and client representative to California for the mediation.  Defendant should not be
14 required to bear those expenses a second time, especially when it is busy preparing for trial and
15 its counsel already has to fly to California for hearings on both April 7 and 19.

16 Finally, Defendant's lead counsel already is scheduled to attend an expert witness
17 deposition in Houston, Texas, on April 14.  This would make it very difficult for him to attend a
18 settlement conference in Oakland the next morning.  It also would be difficult to find a client
19 representative who could attend on such short notice.

20 For these reasons, Defendant respectfully requests that the settlement conference be
21 canceled or, at the very least, that it be held by conference call.

23 Dated: April 4, 2016                                          SCHIFF HARDIN LLP

25                                                                              By: */s/ Matthew Callahan*
26                                                                                    Matthew W. Callahan
                                                                                       Attorneys for Defendant
                                                                                       AMERIWOOD INDUSTRIES, INC.

*[Stamp: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — DENIED WITHOUT PREJUDICE — Kandis Westmore, Judge Kandis Westmore]*

*Defendant's request to cancel the settlement conference is denied.  Any request to attend by telephone should be directed to Magistrate Judge Ryu.*

CH2\18145248.1

- 2 -   Case No. 14-CV-04066 KAW
DEFENDANT'S OBJECTION TO SETTLEMENT CONFERENCE

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO